**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GABRIEL HOLMAN, individually and on behalf all other
employees similarly situated,

Plaintiff,

- against –

USA QR CULTURE INDUSTRIAL DEVELOPMENT
LLC d/b/a Hutaoli Music Restaurant & Bar a/k/a Hutaoli,
WEI YOU a/k/a Mr. You a/k/a Ms. You, SHUAI ZHANG
a/k/a Ms. Shu, and CHERRIE ZHANG,

Defendants.

Case No.

**FLSA COLLECTIVE ACTION**
**AND CLASS ACTION**
**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Gabriel Holman ("Plaintiff"), individually and on behalf of others similarly

situated, by and through his attorneys, Seo Law Group, PLLC, upon his knowledge and belief, and

as against USA QR CULTURE INDUSTRIAL DEVELOPMENT LLC d/b/a Hutaoli Music

Restaurant & Bar a/k/a Hutaoli, (the Corporate Defendant) WEI YOU a/k/a Mr. You a/k/a Ms.

You, SHUAI ZHANG a/k/a Ms. Shu, and CHERRIE ZHANG (the "Individual Defendants," and

collectively with the Corporate Defendant, the "Defendants") and states as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action on behalf of himself and similarly situated current and

former employees who work(ed) as restaurant servers at USA QR CULTURE INDUSTRIAL

DEVELOPMENT LLC d/b/a Hutaoli Music Restaurant & Bar a/k/a Hutaoli (hereafter, "Hutaoli"

or "Restaurant") located at 42 W. 33rd St., New York, NY 10001 alleging violations of the Fair

Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") for

various willful and unlawful employment policies, patterns, and/or practices.

2.    Hutaoli operates as a Chinese restaurant and the servers of the restaurant greet customers and serve various dishes to the customers.

3.    Hutaoli paid Plaintiff and other similarly situated and former restaurant servers pursuant to a similar, if not the same, compensation structure.

4.    Defendants classified Plaintiff, and other similarly situated and former restaurant server employees, as non-exempt from overtime.

5.    Plaintiff, and other similarly situated and former service staff employees, worked broadly as "restaurant servers" or "tipped employees" and were assigned various tasks at the will and pleasure of the employer to accomplish tasks as the employer saw fit from day to day, meaning that they generally serve customers in Hutaoli's dining area, such as greeting customers and delivering food dishes to the tables.

6.    This lawsuit is a collective and class action brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and supporting New York State Department of Labor Regulations that seeks to recover minimum wage, unpaid wages, damages for the late payment of wages and for the gratuities that Defendants improperly withheld from Plaintiff, and damages for Defendants' failure to provide Plaintiff with Wage Theft Protection Act ("WTPA") statements and notices.

7.    Defendants have deprived Plaintiff and other similarly situated current and former employees of minimum wages in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

8.    Defendants have deprived Plaintiff and other similarly situated current and former employees of minimum wages, gratuities, timely wages, and the wages that they were entitled to receive but did not receive in violation of the NYLL.

9.    Plaintiff brings additional claims for Defendants' retaliatory conduct in violation of the FLSA and NYLL.

**JURISDICTION AND VENUE**

10.    With respect to the federal claims asserted herein the Court's original jurisdiction is invoked pursuant to 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

11.    With respect to the state claims asserted herein the Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1 367(a), as the state claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

12.    Upon information and belief based on information provided by Plaintiff, who is or was employee of Defendant, USA QR CULTURE INDUSTRIAL DEVELOPMENT LLC d/b/a Hutaoli Music Restaurant & Bar a/k/a Hutaoli (hereinafter, also referred to as "Hutaoli"), is an enterprise whose gross volume of sales made, or business done, is in excess of $500,000. Specifically, upon information and belief, based on information provided by Plaintiff, Hutaoli is a famous Chinese restaurant that provides the "one-stop entertainment experience" with a fusion mode of a bar and restaurant. As such, based on Plaintiff's personal knowledge of Defendants' business, as well as upon information and belief, Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

13.    Upon information and belief as well as first-hand knowledge of Plaintiff, Hutaoli regularly purchases goods and materials in interstate commerce and Plaintiff regularly handled such goods. Specifically, Defendants advertise on their website that Hutaoli "integrates music, literature and art, Sichuan cuisine restaurant and red wine bar." Hutaoli's website can be retrieved at the following URL:  https://hutaoli.net/#/.

14.     Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## THE PARTIES

**PLAINTIFF GABRIEL HOLMAN**

15.     Plaintiff is an adult individual residing in Mercer County, New Jersey, New York.

16.     Plaintiff was employed by Defendants as a server at Hutaoli from approximately May 10, 2024 until approximately July 18, 2024.

17.     The consent to sue form for the Plaintiff is attached hereto as **Exhibit A**.

**CORPORATE DEFENDANT USA QR CULTURE INDUSTRIAL DEVELOPMENT LLC**

**("Hutaoli" or "Corporate Defendant")**

18.     The Corporate Defendant, USA QR Culture Industrial Development LLC is a domestic limited liability company and existing under the laws of the State of New York with a Service of Process address at 50 West 34th Street, Apt 20A3, New York, NY 10001 in the New York Department of State record.

19.     Upon information and belief, Corporate Defendant USA QR Culture Industrial Development LLC operates a Chinese restaurant located at 42 W. 33rd St., New York, NY 10001 under the name of "Hutaoli Music Restaurant & Bar" and/or "Hutaoli."

20.     Upon information and belief, Corporate Defendant USA QR Culture Industrial Development LLC was organized on February 23, 2018, and filed its Assumed Name as "Hutaoli Music Restaurant & Bar" on November 16, 2020, with the New York Department of State.

21.     Upon information and belief, Corporate Defendant USA QR Culture Industrial Development LLC is at present and has been at all times relevant to the allegations in this

Complaint been an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

22.    Corporate Defendant USA QR Culture Industrial Development LLC is an "employer" within the meaning of the FLSA 29 U.S.C § 203 (d) and the New York State Labor Law ("NYLL") § 2, 190, and/or 651 that runs and profits from a business operation as a restaurant at the principal place of business located at 42 W. 33rd St., New York, NY 10001.

## INDIVIDUAL DEFENDANTS

***Defendant WEI YOU a/k/a Mr. You ("Defendant Mr. You" or "Ms. You")***

23.    Upon information and belief, Defendant WEI YOU a/k/a Mr. You (hereafter, "Defendant Mr. You") is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and he is sued individually. Defendant Mr. You has possessed and exercised operational control over Defendant Corporation, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendant Mr. You has a prominent role in the setting of salaries for Corporate Defendant's employees and hires and fires Corporate Defendant's employees.

24.    Upon information and belief, Defendant Mr. You has ownership interest in the Corporate Defendant, and he is a manager and supervisor of all his employees and the employees of the Corporate Defendant.

25.     Upon information and belief, Defendant You is the Founder of Hutaoli.

26.     Defendant Mr. You is known to Plaintiff to be the "owner" of Hutaoli.

27.     Upon information and belief, Defendant Mr. You is the Individual Defendant Shuai Zhang's bother or her brother-in-law.

28.     Upon information and belief, Defendant Mr. You managed and/or manages all aspects of the Corporate Defendant's finances including handling their employees' payrolls.

***Defendant Shuai Zhang a/k/a Ms. Shu ("Defendant Shuai Zhang" or "Ms. Shu")***

29.     Upon information and belief, Defendant Shuai Zhang (hereafter also referred to as "Shuai Zhang" or "Ms. Shu"), is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and she is sued individually. Defendant Shuai Zhang has possessed and exercised operational control over Defendant Corporation, for example, she has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendant Shuai Zhang has a prominent role in the setting of salaries for Corporate Defendant' employees, together with Defendants Mr. You and Cherrie Zhang.

30.     Upon information and belief, Defendant Shuai Zhang has an ownership interest in the Corporate Defendant, and she is a manager and supervisor of all her employees and the employees of the Corporate Defendant.

31.     Defendant Shuai Zhang is known to Plaintiff to be the Individual Defendant Mr. You's sister or sister-in-law.

***Defendant Cherrie Zhang ("Defendant C.Zhang")***

32.    Upon information and belief, Defendant Cherrie Zhang (hereafter, also referred to as "Defendant C.Zhang"), is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and she is sued individually. Defendant C.Zhang has possessed and exercised operational control over Defendant Corporation, for example, she has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendant C.Zhang has a prominent role in the setting of the employees' work schedules and issuing their compensation for Corporate Defendant, together with Defendants Mr. You and Shuai Zhang.

33.    Upon information and belief, Defendant C.Zhang has and/or had an ownership interest in the Corporate Defendant, and she is a manager and supervisor of all her employees and the employees of the Corporate Defendant.

34.    Defendant C.Zhang is known to Plaintiff to be the manager at Hutaoli.

35.    Upon information and belief, Defendants Wei You, Shuai Zhang, and C.Zhang managed and/or manages all aspects of the Corporate Defendant Hutaoli's finances, including handling their employees' work schedules and payrolls.

36.    Plaintiff was "employee" of Individual Defendants, Wei You, Shuai Zhang and C.Zhang within the meaning of 29 U.S.C § 203 (e)(1) and NYLL § 190(2).

37.    Plaintiff was "employee" of Corporate Defendant, Hutaoli, within the meaning of 29 U.S.C § 203 (e)(1) and NYLL § 190(2).

38.     Defendants Wei You, Shuai Zhang, C.Zhang, and the Corporate Defendant, through Individual Defendants, controlled the hours, the task assignments and the overall work associated with Plaintiff's work at the business premises of Hutaoli.

39.     Defendants Wei You, Shuai Zhang, C.Zhang, and Corporate Defendant, through Individual Defendants, controlled the terms and conditions of Plaintiff's employment and are thus "employers" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

40.     Defendants operate the restaurant, Hutaoli, where the Plaintiff worked. At all relevant times, Individual Defendants Wei You, Shuai Zhang, and C.Zhang possess and/or possessed operational control over Corporate Defendant; possess or possessed an ownership interest in Corporate Defendant; and control or controlled significant functions of Corporate Defendant.

41.     Corporate Defendant and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

42.     At relevant times, Corporate Defendant possessed substantial control over Plaintiff's and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

43.     Corporate Defendant employed Plaintiff, and all similarly situated individuals, and is Plaintiff's and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

44.     Upon information and belief, Individual Defendants operate Corporate Defendant as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

      a.  failing to adhere to the corporate formalities necessary to operate Corporate Defendant as a Limited Liability Company;

      b.  defectively forming or maintaining the business entity of Corporate Defendant, by, amongst other things, failing to hold annual meetings or maintaining appropriate business records;

      c.  transferring assets and debts freely as between all Defendants;

      d.  operating Corporate Defendant for his/her/their own benefit and maintaining control over this limited liability company as closely controlled entity;

      e.  intermingling assets and debts of his/her/their own with Corporate Defendant;

      f.  diminishing and/or transferring assets of Corporate Defendant to avoid full liability as necessary to protect their own interests, and

      g.  Other actions evincing a failure to adhere to the limited liability company form.

45.     At all relevant times, Individual Defendants were Plaintiff's employers within the meaning of the FLSA, NYLL and other law.

46.     Individual Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

47.     Individual Defendants supervised Plaintiff's work schedules and conditions of his employment.

48.     Individual Defendants also determined the rate and method of payment for Plaintiff and other similarly situated employees.

49.     Individual Defendants also controlled and guided what limited recordkeeping that took place which Plaintiff contend is deficient pursuant to FLSA and NYLL requirements.

### *Plaintiff Gabriel Holman*

50.     Plaintiff was employed by Defendants as a restaurant server at Defendants' restaurant, Hutaoli, located at 42 W. 33rd St., New York, NY 10001 from approximately May 10, 2024 to approximately July 18, 2024.

51.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

52.     Defendants knew that the nonpayment wages and illegal deductions from the compensation of Plaintiff, the Collective Action Members, and members of the Class would economically injure them and violated federal and state laws.

53.     Upon information and belief, Defendant Hutaoli has or had approximately 15 tipped employees at the time that Plaintiff worked at Hutaoli.

54.     Upon information and belief, Defendant Hutaoli maintains its kitchen in the basement of the business site and serves dishes to the customers at the "main" dining area located on the 1st floor, as well as at the 2nd floor small-dining area in the business site.

55.     Defendants required Hutaoli's servers to perform various duties to meet the customers' and Hutaoli's needs including but not limited to, delivering food dishes to the tables and hosting customers to ensure the restaurant runs smoothly.

56.     Plaintiff worked for Defendants at Hutaoli as a server.

57.     Plaintiff was supposed to get paid between $30.00 and $35.00 per hour, as

Defendants guaranteed to Plaintiff that he would receive no less than $30.00 per hour.

58.     Defendants set Plaintiff's hourly rate under the name of "Base Pay" in the amount of $13.00 per hour, and the rest of the amount of the promised compensation, at least $30.00 per hour, to be paid by the customers' tips and/or Defendants and/or Hutaoli.

59.     During Plaintiff's employment at Hutaoli, he worked eleven (11) weeks in total, from approximately May 10, 2024 until July 18, 2024.

60.     While working at Hutaoli, Plaintiff was not paid *at all* for over half of the total employment period, approximately for six (6) weeks out of the total eleven (11) weeks of his employment.

61.     For the five (5) weeks of Plaintiff's employment, Defendants paid Plaintiff at any amounts at any time whenever they were willing and able to pay Plaintiff.

62.     For instance, for the first week of Plaintiff's employment, for the week of May 10, 2024, Plaintiff worked approximately two (2) days per week between around 4:00 pm and 6:30 pm on Friday and between around 4:00 pm and 9:30 pm on Saturday for six (6) hours in total. Defendants calculated his Plaintiff's compensation in the amount of approximately $246.52, in leu of Plaintiff's $13.00 hourly "Base Pay" and paid Plaintiff *at some point* during his employment at Hutaoli.

63.     From approximately May 12, 2024 to May 25, 2024, Plaintiff worked approximately two (2) days per week between 4:00 pm and 11:30 pm on Fridays and Saturdays and worked over fourteen (14) hours each week. Defendants arbitrarily calculated Plaintiff's compensation in the amount of $708.30 and $411.05 each week, exclusive of a portion of customers' tips, and paid Plaintiff *at some point* during his employment at Hutaoli.

64.     From approximately May 26, 2024 to June 1, 2024, Plaintiff worked approximately

two (2) days per week between around 4:00 pm and 11:30 pm on Wednesday and Thursday and worked over fourteen (14) hours each week. Defendants calculated his Plaintiff's compensation in the amount of approximately $441.68, in lieu of Plaintiff's $13.00 hourly "Base Pay," exclusive of a portion of customers' tips, and paid Plaintiff *at some point* during his employment at Hutaoli.

65.    From on or around June 2, 2024 and June 15, 2024, Plaintiff worked approximately two (2) to three (3) days each week and worked approximately thirty-six (36) hours for the time period, but Defendants *did not pay Plaintiff at all*.

66.    For the week that Plaintiff worked at Hutaoli between June 16, 2024 and June 22, 2024, Defendants arbitrarily calculated Plaintiff's compensation in the total amount of $628.89 for the three (3) days of work that Plaintiff performed. Upon information and belief, Plaintiff worked approximately eighteen (18) hours during that week.

67.    From on or around June 23, 2024 until the last day of Plaintiff's employment on or around July 18, 2024, Plaintiff worked on average, three (3) days per week, generally on Thursdays, Fridays, and Saturdays, between 4:00 pm and 11:00 pm (and the latest, until 11:30 pm) and worked approximately seven (7) hours per day or twenty-one (21) hours per week. However, Defendants refused to pay Plaintiff and eventually terminated Plaintiff after he repeatedly requested payment of his compensation.

68.    Defendants failed and refused to pay Plaintiff for the six (6) weeks of work that he performed at Hutaoli.

69.    Plaintiff was a manual worker as defined by New York Labor Law § 191. Specifically, Plaintiff spent the majority of his work time performing manual work such as standing, walking, carrying items, and serving customers.

70.    Plaintiff was not given appropriate notices and acknowledgments of pay rate as

required by New York Law. As a result, he was unaware of the full minimum wage and/or tip credit requirements.

71.     Throughout Plaintiff's employment at Hutaoli, Defendants did not disclose, nor did they allow Plaintiff to review the amount of the tips that he was entitled to receive.

72.     At Hutaoli, Defendants refused Plaintiff and other food service employees to receive the customers' *cash* tips so that Defendant You's sister, Shuai Zhang a/k/a Ms. Shu, could pocket all the cash tips for herself.

73.     Upon information and belief, Ms. Shu and C.Zhang directly supervised all aspects of the food-service employees' work at Hutaoli while Mr. You were overseeing the general affairs of Hutaoli's business, managing its finances, and making all important business decisions for Hutaoli including but not limited to, setting the employees' work schedules, rates of pay, and the timing of the payment.

74.     During Plaintiff's employment, Defendants arbitrarily decided the amount of Plaintiff's rate of pay each week, and they paid Plaintiff compensation, if any, at any time Defendants wished to pay. Otherwise, Defendants refused and failed to pay Plaintiff at all.

75.     Every time that Defendants failed to pay Plaintiff his wages earned within seven days of the end of the workweek, Defendants deprived him of the use of money that belonged to Plaintiff.  As a result, Plaintiff was unable to do those things that every person does with his money, such as paying bills or buying goods that he needed or wanted to buy.  Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

76.     Defendants committed the foregoing acts against Plaintiff, the Collective Action Members, and the Class.

***Plaintiff's Retaliation Claim***

77.     Throughout Plaintiff's employment, Defendants did not pay Plaintiff's compensation in a timely manner, if any, and failed to pay Plaintiff at all for the majority of the weeks.

78.     Even if Defendants issued Plaintiff's paycheck at a certain point during his employment at Hutaoli, Plaintiff was not able to deposit the checks because the checks were frequently "bounced."

79.     Plaintiff received at least four (4) bounced checks issued by Hutaoli.

80.     Plaintiff did not receive at least six (6) weeks of his pay while working at Hutaoli.

81.     While working at Hutaoli, Plaintiff never received his paycheck on time even if he complained to Defendant Wei You, through Defendants Ms. Shu and C.Zhang as well as Hutaoli's former manager "Wytia [LNU], on numerous occasions by talking to them in person, sending text messages, and writing his purported complaint in the Hutaoli's "group chat."

82.     Whenever Plaintiff complained about the nonpayment of his compensation, Defendants frequently issued bounced checks to Plaintiff, refused to pay him at all, or paid Plaintiff an "arbitrary" amount of money that Defendants unilaterally calculated at a later time at Defendants' convenience.

83.     For instance, Hutaoli issued a paycheck on June 25, 2024 that was purported to be Plaintiff's compensation for the week that Plaintiff worked between June 2, 2024 and June 8, 2024. However, the check was eventually bounced, and Plaintiff did not receive any payment.

84.     For another instance, Hutaoli issued another paycheck a few days later, on or around July 3, 2024 to pay Plaintiff's work performed for the period between June 9, 2024 and

June 15, 2024. However, again, Hutaoli bounced the check and did not pay Plaintiff.

85.     Plaintiff also complained to Hutaoli's manager(s) in the "group chat" and informed Hutaoli, through Defendants C.Zhang and You, of Plaintiff's nonreceipt of any payment "since May 10th [2024]."

86.     However, Defendant C.Zhang replied to Plaintiff that she would "discuss" the nonpayment of his compensation with Defendant You, but she informed Plaintiff of Defendants' unwillingness to pay any *cash tips* because someone else was already "sharing" Plaintiff's portion of cash tips.

87.     Thereafter, Hutaoli stopped scheduling Plaintiff's shift and terminated Plaintiff.

88.     Hutaoli still has failed and refused to pay Plaintiff's compensation to date.

89.     Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as a "professional," "executive" or even "administrative" position, as Plaintiff's employment for Defendants was physical labor.

90.     Plaintiff regularly handled goods in interstate commerce, such as produce, dishware sets, and other business inventory that were produced outside of the State of New York.

91.     Plaintiff's work duties required neither discretion nor independent judgment.

92.     At all relevant times hereto, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff's, all other similarly situated individuals', tipped wages.

93.     Specifically, Defendants required Plaintiff, and all similarly situated individuals, to pool their (credit card) tips pursuant to a mandated tip sharing scheme.

94.     Defendants unlawfully withheld all, or nearly all, of Plaintiff's tips, and all similarly situated individuals' tips.

95.     As the manager and owners of Hutaoli, Defendants should not have taken a  share of Plaintiff's, and all similarly situated individuals' tips.

96.     The employer-mandated tip sharing scheme imposed on Plaintiff and other servers is not customary.

97.     The employer-mandated tip sharing imposed on Plaintiff was not reasonable.

98.     Defendants did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiff or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

99.     Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

100.     Plaintiff brings the claims, Count I and Count VI, as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees employed by Defendants at USA QR CULTURE INDUSTRIAL DEVELOPMENT LLC d/b/a Hutaoli Music Restaurant & Bar a/k/a Hutaoli on or after the date that is three years before filing of the Complaint in this case as defined herein (the "Collective Action Members").

101.     At all relevant times, Plaintiff and the other Collective Action Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully retaining their tips.  The

claims of Plaintiff stated herein are essentially the same as those of the other Collective Action Members.

102.    Count I and Count VI of Plaintiff's claims are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The Collective Action Members are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the Collective Action Members via first class mail to the last address known to Defendants.

### **RULE 23 CLASS ALLEGATIONS**

103.    Plaintiff brings the state law wage and hour claims, Count II, Count III, Count IV, Count V, Count VII, and Count VIII pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all tipped employees employed by Defendants at USA QR CULTURE INDUSTRIAL DEVELOPMENT LLC d/b/a Hutaoli Music Restaurant & Bar a/k/a Hutaoli on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

104.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

105.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the

precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifteen (15) members of the Class.

106.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay their wages, illegally retaining tips, and failing to pay them in a timely manner.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

107.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

108.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will

be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

109.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

110.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class members within the  meaning of New York law;

b. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

c.  Whether Defendants paid Plaintiff and the Class members the at least minimum wage for each hour that they worked not exceeding 40 hours per week;

d.  Whether Defendants paid Plaintiff and the Class members the wages for the hours that they actually worked;

e.  Whether Plaintiff was manual workers entitled to be paid on a weekly basis;

f.  Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips;

g.  Whether Defendants illegally distributed Plaintiff's and the Class members' tips to Defendants' agents and/or non-service employees; and,

h.  Whether Defendants provided Plaintiff and Class members with the proper notices.

**COUNT I**
**[Violations of the Fair Labor Standards Act—Minimum Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

111.    Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

112.    At all times relevant, Plaintiff the Collective Action Members were each an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

113.    At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Member and engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

114.    Defendants have failed to pay Plaintiff the Collective Action Members' minimum wages to which they are entitled under the FLSA.

115.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

116.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Collective Action Members.

117.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

118.    Due to Defendants' willful violations of the FLSA, Plaintiff the Collective Action Members have suffered damages by being premium overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**COUNT II**
**[Violation of New York Labor Law—Minimum Wage**
**Brought on behalf of Plaintiff and the Class]**

119.    Plaintiff, on behalf of himself and the Class, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

120.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

121.    At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

122.    Defendants have failed to pay Plaintiff the minimum wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

123.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

124.    Due to defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
### [Violation of New York Labor Law —Unlawful Deductions from Wages
### Brought on behalf of the Plaintiff and the Class]

125.    Plaintiff, on behalf of himself and the Class, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

126.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the NYLL §§2 and 651.

127.     NYLL § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

128.    Defendants unlawfully misappropriated a portion of Plaintiff's tips that were received from customers.

129.    Defendants knowingly and intentionally retained a portion of Plaintiff's tips in violations of the NYLL and supporting Department of Labor Regulations.

130.    Plaintiff was damaged in an amount to be determined at trial.

**COUNT IV**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement**
**Brought on behalf of Plaintiff and the Class]**

131.    Plaintiff, on behalf of himself and the Class, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

132.    Defendants have willfully failed to supply Plaintiff with a wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

133.    Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

134.    Due to defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**COUNT V**
**[Violation of New York Labor Law—New York Pay Stub Requirement**

**Brought on behalf of Plaintiff and the Class]**

135.    Plaintiff, on behalf of himself and the Class, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

136.    Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, §195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

137.    Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §190 *et seq.*, and the supporting New York State Department of Labor Regulations.

138.    Due to Defendants' violation of NYLL §195(3), Plaintiff is entitled to recover from the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL §198(1-d).

**COUNT VI**
**[Violations of the Fair Labor Standards Act— Failure to Timely Pay Wages**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

139.    Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

140. Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff and the Collective Action Members their wages for all hours worked each workweek on the regular payday for the pay period in which the workweek ended.

141. At Hutaoli, Defendants arbitrarily decided the amount of the tipped employees' rate of pay, including Plaintiff's, each week and either paid them at any time Defendants wished to pay or did not pay them at all.

142. For instance, Defendants failed to pay any compensation to Plaintiff for at least six (6) weeks of his wages.

143. Whenever Defendants issued a paycheck to Plaintiff, they often bounced the checks. Indeed, Hutaoli issued at least four (4) bounced checks to Plaintiff.

144. Hutaoli still has failed and refused to pay Plaintiff's compensation.

145. Defendant's conduct was willful and lasted for the duration of the relevant time period.

146. Defendant's conduct was in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

147. Due to Defendants' violations of the FLSA, Plaintiff and the Collective Action Members are entitled to recover from Defendants, jointly and severally, liquidated damages equal to the wages of each Plaintiff or the Collective Action Member, together with costs and attorneys' fees.

**COUNT VII**
**[Violation of the New York Labor Law – Late Payment of Wages**
**Brought by Plaintiff and the Class]**

148.    Plaintiff, on behalf of himself and the Class, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

149.    At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the NYLL, § 190, et seq.  At all relevant times, Defendants have employed "employee[s]," including Plaintiff.

150.    Defendants did not pay Plaintiff, who was a manual laborer, on a weekly basis.

151.    Instead, Defendants issued paychecks to Plaintiff at any time that they wished, but majority of the checks were bounced.

152.    Moreover, Defendants failed and still fail to pay any compensation to Plaintiff for at least six (6) weeks of his compensation.

153.    The aforesaid conduct of Defendants was knowing, intentional, and willful.

154.    By their aforesaid conduct, Defendants willfully violated the provisions of the NYLL regarding timely payment of wages, NYLL Art. 6 § 191, et seq.

155.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, liquidated damages equal to the wages of Plaintiff, together with costs and attorneys' fees.

**COUNT VIII**
**[Violation of the New York Labor Law Article 6 Failure to Pay Regular Wages**
**brought by Plaintiff and the Class]**

156.    Plaintiff, on behalf of himself and the Class, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

157.    As alleged above, Defendants suffered and permitted Plaintiff to work numerous hours without paying him the wages to which he was and is entitled.

158.    During Plaintiff's employment at Hutaoli, Defendants failed and refused to pay Plaintiff for the majority of the weeks that he worked.

159.    Defendants failed and still fail to pay Plaintiff at least six (6) weeks of work that he performed at Hutaoli.

160.    Defendants' failure to pay Plaintiff the wages that he earned constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

161.    Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown reckless disregard for the matter of whether their conduct violated the NYLL.

162.    Defendants have not acted in good faith with respect to the conduct alleged herein.

163.    As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages

164.    As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

**COUNT IX**
**[Violation of the Fair Labor Standards Act 29 U.S.C. 215(a)(3)**
**Retaliation: brought by Plaintiff]**

165.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

166.    As alleged herein, Defendants terminated Plaintiff's employment on or about July 18, 2024 after repeatedly complaining about Plaintiff's nonpayment of the wages, late payment of the wages, and nonreceipt of the portion of the tips that Plaintiff was entitled to receive.

167.    Defendants' actions constitute retaliatory and adverse employment actions against Plaintiff in violation of Section 15(a)(3) of the FLSA. 29 U.S.C. § 215(a)(3).

168.    Defendants have clearly taken an adverse employment action against Plaintiff for his purported Complaint that Plaintiff was not paid any compensation for the weeks that he worked at Hutaoli, the amount of tips withheld by Defendants, and irregular timing of the payment of wages.

169.    There is a causal connection between this protected activity and such adverse employment action.

170.    Defendants' actions, as alleged herein, are based on a retaliatory motive.

171.    Due to Defendants' unlawful retaliation in violation of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, and is entitled to all appropriate legal and equitable relief including, but not limited to, enjoining Defendants from further retaliation, payment of lost compensation, emotional distress damages, and additional amounts such as liquidated damages, punitive damages, interest, reasonable attorneys' fees, and costs of litigation pursuant to 29 U.S.C. § 216(b).

**COUNT X**
**[Violation of The New York Labor Law NYLL Section 215**
**Retaliation: brought by Plaintiff]**

172.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

173.    NYLL § 215 prohibits an employer from terminating or disciplining an employee

because "such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

174.    While working at Hutaoli, Plaintiff repeatedly complained to Defendants that Plaintiff was not paid any compensation for the weeks that he worked at Hutaoli, the amount of tips withheld by Defendants, and irregular timing of the payment of wages.

175.    However, Plaintiff never received his paycheck on time even if he complained to Defendants verbally and in writing by sending messages in the virtual "group chat."

176.    Despite that Plaintiff complained to Defendants on numerous occasions, Defendants frequently issued bounced checks to Plaintiff, refused to pay him at all, or paid Plaintiff any amount at any time.

177.    For instance, Hutaoli issued a paycheck on June 25, 2024 that was purported to be Plaintiff's compensation for the week that Plaintiff worked between June 2, 2024 and June 8, 2024. However, the check was eventually bounced, and Plaintiff did not receive any payment.

178.    For another instance, Hutaoli issued another paycheck a few days later, on or around July 3, 2024 to pay Plaintiff's work performed for the period between June 9, 2024 and June 15, 2024. However, again, Hutaoli bounced the check and did not pay Plaintiff.

179.    Defendants did not and refused to pay Plaintiff's six (6) weeks of compensation and eventually terminated Plaintiff after he repeatedly companied to Defendants, through Defendants Ms. Shu and C.Zhang.

180.    In committing the above-mentioned retaliatory acts, Defendants discharged Plaintiff, and retaliated against him for making such complaints about Defendants' violation of

the NYLL as majority of the weeks that Plaintiff worked was unpaid, his portion of the tips were withheld and/or deducted, and was not timely paid if at all, throughout his employment at Hutaoli.

181.    As a direct and proximate result of Defendants unlawful conduct, as set forth herein, Plaintiff sustained damages and seek recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## Prayer for Relief

WHEREFORE, Plaintiff, on behalf of himself and the Collective Action Members, and members of the Class, prays for the following relief:

a)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

b)    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c)    Designation of Plaintiff as a Representative of the Collective Action Members;

d)    Certification of this action as a class action pursuant to F.R.C.P. 23 with respect to Plaintiff's Causes of Action, Count II, Count III, Count IV, Count V, Count VII, and Count VIII;

e)    Designation of Plaintiff as a Representative of the Rule 23 Class;

f)      An order declaring that the Defendants violated the FLSA;

g)      An order declaring that the Defendants violations of the FLSA were willful;

h)      An order declaring that the Defendants violated the NYLL;

i)      An order declaring that the Defendants' violations of the NYLL were willful;

j)      An award of minimum wage compensation under the FLSA and NYLL;

k)      An award for reimbursement for unlawful deductions from gratuities under NYLL;

l)      An award of damages pursuant to New York Labor Law § § 195(1), (3), and 198;

m)      An award of Plaintiff's compensatory damages, including all unpaid wages owed, in an amount according to proof;

n)      Awarding unpaid wages under New York State law for late payment of wages;

o)      An award of Plaintiff's compensatory damages that Plaintiff has sustained as a result of the Defendants' unlawful retaliatory conduct, including back pay, front pay, damages to compensate Plaintiff for harm to his reputation and loss of career fulfillment, emotional distress damages, general and special damages for lost compensation and employee benefits that he would have received but for the Defendants' conduct, and any other out of- pocket losses that Plaintiff has incurred or will incur;

p)      An award of liquidated damages pursuant to the FLSA;

q)      An award of liquidated damages for violations of the NYLL;

r)      All penalties available under the applicable laws;

s)      Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663, and all other applicable statutes;

t)      Pre-judgment and post-judgment interest as provided by law; and,

u)     Such other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York                              **SEO LAW GROUP, PLLC**
      February 24, 2025

                                            By:     */s/ Diana Seo*_____
                                                 Diana Seo, Esq.
                                                 136-68 Roosevelt Ave., Suite 726
                                                 Flushing, New York 11354
                                                 Telephone: (718) 500-3340
                                                 Email: diana@seolawgroup.com
                                               *Attorneys for Plaintiff, proposed FLSA*
                                             *Collective Plaintiffs, and proposed Class*

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

Dated: February 24, 2025